**Abatement Order filed April 9, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-15-00061-CV_
**B. MAHLER INTERESTS, LP, Appellant**

**V.**

**DMAC CONSTRUCTION, INC., Appellee**

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2012-64035**

---

## ABATEMENT ORDER

On January 14, 2015, appellant filed a notice of appeal from a judgment signed October 17, 2014. The clerk's record has not been filed. On February 25, 2015, the Harris County District Clerk's office notified this court that it had not received payment for preparation of the record. In response to this court's notice that the appeal was subject to dismissal unless appellant provided the court with proof of payment for the record, appellant advised this court that the trial court's judgment is not final because its counterclaim has not been resolved. Appellant asserts that its notice of appeal was filed prematurely in an abundance of caution and requests that we abate the appeal until the trial court disposes of the counterclaim.

The Texas Supreme Court has advised that if an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

Accordingly, we order the case abated and remanded to the trial court for a period of thirty days so that the trial court may clarify whether the summary judgment is final and to permit the parties to obtain an order disposing of the counterclaim, if necessary. A supplemental clerk's record containing the trial court's clarifying order and any findings regarding finality of the summary judgment shall be filed with the clerk of this court on or before **May 8, 2015.** *See* Tex. R. App. P. 27.3.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court also will consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.